UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| David Earl Wattleton, | Civil No. 12-683 (JNE/SER) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States Department of Treasury, Federal Medical Trust Fund Administrator , and Federal Bureau of Prisons, | |
| Defendants. | |

---

This matter is before the undersigned United States Magistrate Judge on the application of the above-named Plaintiff, David Earl Wattleton ("Wattleton"), for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Wattleton is an inmate at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester"). He is being detained pursuant to 18 U.S.C. § 4243, because he was found not guilty by reason of insanity at the conclusion of a 2000 federal criminal trial in the Northern District of Georgia. (Complaint, [Docket No. 1], Addendum, p. 1, citing *United States v. Wattleton*, 110 F.Supp.2d 1380 (N.D.Ga. 2000), *aff'd*, 296 F.3d 1184 (11th Cir.), *cert. denied*, 537 U.S. 924 (2002).)

While Wattleton has been in custody, he has been an active litigator in the federal courts, and he has, evidently, filed many applications seeking leave to proceed IFP. Because Wattleton is detained by reason of a commitment order, rather than a criminal conviction, he is not considered to be a "prisoner" for purposes of the Prison Litigation Reform Act, ("PLRA"). 28 U.S.C. § 1915(h); *Kolocotronis v. Morgan*, 247 F.3d 726 (8th Cir. 2001) (civilly committed detainees are not "prisoners" for PLRA purposes). Therefore, when Wattleton is granted IFP status in a federal court case, he should not have to pay any filing fee for that case.[1]

In this case, Wattleton claims that he has been wrongly required to pay filing fees in some of his previous federal court cases, because he was wrongly treated as a "prisoner" for IFP purposes. Wattleton is seeking relief in this action from three named Defendants: (1) United States Department of Treasury, (2) Federal Medical Center Trust Fund Administrator, and (3) Federal Bureau of Prisons. He alleges that these Defendants have withdrawn funds from his inmate trust account wrongly in order to pay filing fees for various actions and appeals that he has filed in various federal courts. The alleged withdrawals apparently were made pursuant to court orders entered in some of the actions and appeals that Wattleton filed during confinement. (Complaint, Addendum, p. 1.) The complaint does not describe any specific occasions when funds were withdrawn from Wattleton's trust account. Wattleton is seeking a court order

---

[1] Under the PLRA, a "prisoner" who is granted IFP status is **not** excused from paying the court filing fee altogether, but rather, he is merely granted permission to pay the filing fee in installments, instead of paying the entire amount in advance. 28 U.S.C. § 1915(b); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). However, when a **non**-prisoner is granted IFP status in a federal court case, the court filing fee normally is waived altogether.

2

"enjoining the defendants to return any money withdrawn from his account." (Complaint, Addendum, p. 2.)

Wattleton's complaint refers to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which suggests that Plaintiff is attempting to sue Defendants for allegedly violating his federal constitutional rights. The complaint, however, makes no mention of the federal Constitution or any constitutional provision.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a pleading that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state a cause of action on which relief may be granted, a claimant must allege a set of specific historical facts, which, if proven true, would entitle the claimant to some redress against the defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). "Threadbare recitations of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The facts supporting a plaintiff's claims must be clearly set forth. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

To state a *Bivens* civil rights claim, as Wattleton is attempting to do here, a complainant

must allege a set of specific historical facts showing that the named Defendant(s) personally violated the complainant's federal constitutional rights.  *See Iqbal*, 129 S.Ct. at 1948 (in a federal civil rights action, the "plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").  In this case, Wattleton failed to plead an actionable *Bivens* claim, because of the absence of any alleged set of facts showing that Defendants personally violated his constitutional rights.  More specifically, Wattleton's complaint is fatally defective, because it does not describe any specific occasion when any of the named Defendants personally withdrew funds from Wattleton's trust account to pay a court filing fee.  The complaint is also defective because Wattleton has not identified any specific constitutional right that Defendants allegedly violated.[2]

A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Wattleton's current pleading does not meet this standard.  Wattleton has failed to allege a set of facts showing that any of the named Defendants took any funds from his trust account in violation of any right guaranteed by the federal Constitution.  Therefore, Wattleton's complaint fails to state any actionable *Bivens* claim and the Court recommends denial of his pending IFP application and summary dismissal pursuant to § 1915(e)(2)(B)(ii).[3]

---

[2]  Giving the complaint the benefit of an extremely generous construction, it appears that Wattleton <u>might</u> be claiming that his constitutional right to due process has been violated, because he has been deprived of a property interest – i.e., funds in his trust account – without the procedural protections of due process.  If funds were withdrawn from Wattleton's trust account pursuant to court orders, as the complaint plainly implies, then the court proceedings that precipitated those orders presumably satisfied the procedural requirements of due process.

[3]  The Court also notes that two of the named Defendants in this case, the United States Department of Treasury and the Federal Bureau of Prisons, are federal agencies that cannot be

**III. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Wattleton's application for leave to proceed *in forma pauperis*, [Doc. No. 2] be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated: April 24, 2012                                                                 *s/Steven E. Rau*
                                                                                                     Steven E. Rau
                                                                                                     U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 8, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.

---

sued under *Bivens* because of sovereign immunity. *See Schutterle v. United States*, 74 F.3d 846, 848 (8th Cir.) (United States and its agencies "are not proper *Bivens* defendants because of sovereign immunity"), *cert. denied*, 517 U.S. 1210 (1996).